**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| Equal Employment Opportunity Commission<br>       Plaintiff,<br><br>   v.<br><br>Chesapeake Montessori Foundation, Inc. d/b/a Chesapeake Montessori School<br><br>       Defendant. | Civil Action No. 23-cv-02544<br><br>**CONSENT DECREE** |

INTRODUCTION AND FINDINGS

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), against Defendant Chesapeake Montessori Foundation, Inc. alleging that Defendant violated Sections 102(a) and (b)(4) of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §§ 12112(a), (b)(4), by refusing to renew Michelle Washington as a teacher because of her daughter's disability.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in this Consent Decree ("Decree"), that will resolve the Commission's claims and promote and effectuate the purposes of the ADA. This Decree does not constitute an adjudication on the merits of the Commission's claims, and Defendant expressly denies liability for any claims brought by the Commission in this matter. The terms of the Decree are the product of joint negotiation and are not to be construed as having been authored by any one party. Defendant agrees and stipulates that the Commission has named all necessary parties in this action and

Defendant has the authority and capacity to provide in full the monetary, injunctive and other relief required by the Decree.  Defendant agrees and stipulates that all monetary relief to be provided in accordance with the Decree is a debt owing to and collectible by the United States.

The Parties stipulate that this Court has jurisdiction over the Parties, the subject matter of the action, and enforcement of the Decree.  The Parties further stipulate that this Court has the authority to enter and to enforce the Decree and that the Decree is final and binding upon the Commission and upon Defendant and its agents, officers, members, employees, successors, and assigns.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA.  The Court further finds that it has jurisdiction over the Parties and the subject matter of this action. Therefore, upon due consideration of the record herein,

It is **ORDERED, ADJUDGED AND DECREED:**

## DEFINITIONS

A. "Defendant" shall mean Chesapeake Montessori Foundation, Inc. (d/b/a Chesapeake Montessori School) and its owners, members, directors, officers, employees, successors, assigns, agents and all persons and entities in active concert therewith.

B. "Commission" shall mean the U.S. Equal Employment Opportunity Commission.

C. "Effective Date" shall mean the date on which this Decree is entered by the Court.

D. "Parties" shall mean collectively Defendant and the Commission.

## GENERAL PROVISIONS

1.    This Decree shall remain in effect for five (5) years from the Effective Date.

2.     This Decree shall apply to all of Defendant's facilities, work locations and operations.

3.     All time periods specified in this Decree shall be computed in accordance with Fed. R. Civ. P. 6(a)(1).

4.     If one or more provisions of this Decree are adjudicated to be unlawful or unenforceable, the Parties shall engage in reasonable efforts to amend the Decree in order to preserve or effectuate, in a lawful manner, the purpose or intent of the conflicting provision. In any event, all other provisions of the Decree shall remain in full force and effect.

5.     The Parties shall each bear their own attorneys' fees and costs incurred in connection with the action.

6.     Prior to any sale, merger or transfer of Defendant's business or assets, Defendant shall provide written notice to the potential purchaser or transferee, and to any other potential successor, of the existence of and allegations in this action and of the contents of the Decree, along with a copy of the Complaint and this Consent Decree.

7.     When this Decree requires the submission of records, notices, reports or other documents or information to one or both Parties, such submission shall be deemed served on the date it is actually received. Unless otherwise specified by the receiving Party, service of documents and information shall be by certified or electronic mail:

   a.  If to EEOC: Thomas D. Rethage, EEOC Senior Trial Attorney, 801 Market St., Suite 1000, Philadelphia, PA 19107, thomas.rethage@eeoc.gov - or such other person as EEOC shall designate.

b. If to Defendant: J. Atkinson, 4437 Cobalt Drive, Harwood, MD 20776, jatkinson@cmsbot@gmail.com     - or such other person as Defendant shall designate.

## CLAIMS RESOLVED

8.     This Decree resolves the claims asserted by the Commission in the Complaint in this action, through the date of entry of the Decree.

9.     Upon approval and entry of the Decree, the Court shall dismiss the action with prejudice while retaining jurisdiction over the Decree and to resolve any claims or disputes concerning implementation, enforcement, or amendment of the Decree and to enter any order, judgment or agreement related to the same.

10.     Nothing in this Consent Decree shall affect, limit, or infringe the Commission's authority to file, investigate and process charges of discrimination against Defendant, or to commence civil actions against Defendant for claims not resolved by this Decree.

## NON-DISCRIMINATION

11.     Defendant is enjoined from engaging in disability discrimination in violation of the ADA, and is specifically enjoined from causing or permitting any adverse employment action or denial of equal jobs or benefits to an applicant or employee because of the disability of an individual with whom such applicant or employee is known to have a relationship or association.

12.    Defendant is further enjoined from retaliating against any individual for asserting

his or her rights under the ADA, or otherwise engaging in protected activity, such as by

complaining of or opposing discrimination, filing a complaint or charge, or participating

in or giving testimony or assistance with an investigation or litigation.

<u>MONETARY RELIEF</u>

13.    Within thirty (30) days of receipt of an executed copy of the Specific Release

attached hereto as Exhibit A, Defendant shall pay Michelle Washington damages totaling

$85,286.46, in the amounts and forms specified below:

a. Back pay: $50,858.28 - which constitutes back pay.    This amount will be
classified as wages and will be subject to withholdings and payroll taxes.
Defendant's employer-side taxes and required employer contributions, including
those under FICA, are separate from, and shall not be deducted from, the back
pay payment. Defendant shall report the back pay payment to Ms. Washington
and the IRS via an IRS Form W-2.

b. Interest: $4,428.18 - which constitutes interest on backpay. This payment will be
classified as non-wage damages, will not be subject to withholdings, and will be
paid in one lump sum. Defendant shall report such non-wage payment to Ms.
Washington and the IRS via an IRS Form 1099-MISC.

c. Section 1981a Damages: $30,000 which constitutes damages under 42 USC §
1981a. This payment will be classified as non-wage damages, will not be subject
to withholdings, and will be paid in one lump sum. Defendant shall report such
non-wage payment to Ms. Washington and the IRS via an IRS Form 1099-MISC.

d. The required payments shall be made by checks delivered via certified or express
overnight mail or another method capable of being tracked at the address to be
provided by EEOC within three (3) days of the Effective Date.

14.     Within three (3) days of such payments Defendant shall send a photocopy of each check, along with a photocopy of the certified mail receipts or other documentation of delivery, to the Commission.

## NON-MONETARY RELIEF

### Policy

15.     Within thirty (30) days from the Effective Date, Defendant shall develop and adopt an ADA policy. The policy will be made part of the employee handbook or manual and be disseminated to all current employees. This policy shall clearly and affirmatively:

a.  state discrimination in terms, conditions or privileges of employment based on disability is prohibited, and that this includes on the basis of an applicant's or employee's own disability or the disability of an individual with whom the applicant or employee has a relationship or association;

b.  define reasonable accommodation and give examples to include modified duties, job restructuring, assistive devices and technologies, transfer, and job-protected leave;

c.  explain persons entitled to reasonable accommodation are not limited to persons with a work-related injury;

d.  explain that an employee is not required to be "100% healed" or cleared "full duty" when returning to work from leave, and instead may return to work with the assistance of a reasonable accommodation as described above;

e.  establish a documented process for applicants and employees to request reasonable accommodation and explaining such process, including to whom requests should be directed and in what form;

f.  require that Defendant engage in an interactive process with applicants or employees who request accommodation or who Respondent otherwise has reason to believe are disabled and in need of accommodation;

6

g.  require the interactive process be documented and retained using one or more forms that ensure that the interactive process has been properly engaged in and that identify the employee's or applicant's job-related limitations, his/her requested or preferred accommodation, any alternate accommodations considered, Respondent's decision and the reasoning for the decision, and any other considerations and analysis;

h.  document and communicate the final reasonable accommodation decision to an applicant/employee with explanation of the basis for the decision; and

i.  include an anti-retaliation provision expressly protecting employees who disclose their disability and/or seek accommodation, or who report suspected disability discrimination or participate in an investigation of such discrimination, from any adverse action; and

j.  include provisions ensuring the maintenance and confidentiality of protected medical records under the ADA.

16.     During the term of the Consent Decree, any proposed amendments to Defendant's anti-discrimination, fair compensation or related policies must be provided to the Commission at least thirty (30) days prior to their proposed effective date and must be consistent with this Decree.

### Training

17.     Within forty (40) days from the date of entry of the Decree, Defendant shall provide no less than three (3) hours of live, interactive training for Defendant's Head of School, managers, Human Resources officials, and any persons involved in determining terms or conditions of employment or processing employee discrimination complaints or requests for accommodation.   This training shall be live (remote or in-person) and provided by an outside lawyer or human resources professional with expertise in employment anti-discrimination laws.   The training shall include written materials and

interactive segments that cover, *inter alia*, discussions of workplace discrimination and harassment prohibited by federal law, including discrimination based on disability and the requirements of the ADA, as well as the content and administration of Defendant's revised anti-discrimination and ADA policies.    The training shall further address the participant's roles/responsibilities in receiving or processing pay or discrimination complaints and the processes for assessing or administering internal equity adjustments. The training shall specifically cover:

    a.  the prohibition on discrimination against applicants or employees in terms or conditions of employment based on their disability or actual or anticipated need for accommodation;

    b.  the prohibition on discrimination against applicants or employees in terms or conditions of employment based on the disability of a person with whom the applicant or employee has a relationship or association; and

    c.  the duty to provide, absent undue hardship, reasonable accommodation to applicants or employees with a disability and a review of Defendant's new accommodation process consistent with this Decree and review of common accommodation scenarios and examples of workplace accommodation (such as modified duties or modifications to policies, job restructuring, assistive devices, and transfer) and job-protected leave as reasonable accommodations.

18.      Within ten (10) days of compliance with Paragraph 17, Defendant shall provide the Commission with a copy of the training materials used, the date and time of the training, and the names and positions of all employees attending the training.

19.      Defendant shall provide the training described in Paragraph 17 to all persons newly hired or promoted into any position covered by that paragraph within twenty-one (21) days. Such training may be pre-recorded from the initial live training session.

## Notice Posting

20.     Within ten (10) days after the Effective Date, Defendant shall post, in all physical places where notices to employees are customarily posted at all Defendant's work locations, and upload to any intranet or other electronic system for sharing work information with employees, the Notice attached hereto as Exhibit B.  The posting of the Notice must be maintained for the life of the Decree with the date of actual posting shown thereon.  Should the Notice become defaced, marred, or otherwise made unreadable, Defendant shall ensure that new, readable copies of the Notice is posted in the same manner as heretofore specified.

21.     Within ten (10) days of compliance with Paragraph 20, Defendant shall provide the Commission with a copy of the signed Notice and a certification that such documents have been posted and uploaded as required, and a statement of the location(s) and date(s) of posting and upload. Defendant shall provide additional certification on an annual basis corresponding with the Effective Date for the duration of the Decree.

## COMPLIANCE MONITORING

22.     During the term of the Consent Decree, the Commission is authorized to monitor compliance with the Decree, which may occur through inspection of Defendant's premises, attendance or observance of events required by the Consent Decree, interviews with Defendant's employees or representatives, production and inspection of Defendant's records, and other investigatory techniques provided for under 42 §§ U.S.C. 2008e-8, 2000e-9 or the Commission's regulations.

23.     During the term of the Consent Decree, Defendant shall, within thirty (30) days of receiving a complaint or allegation of disability-based discrimination, provide EEOC with a report and records concerning such complaints. This shall include:

   a.   the full name, position, work location and last known contact information for the person making the complaint and the person alleged to have committed or be responsible for the discriminatory conduct;

   b.   the date, content and nature of the complaint, manner in which the complaint was made, and the name and position of the person to whom it was made;

   c.   Defendant's actions in response to the complaint, status and results of any investigation and person(s) responsible for conducting the investigation or response;

   d.   all documents received, created, or compiled as part of the complaint or investigation process or otherwise relating to same; and

   e.   supplemental information or records where the complaint, investigation or response is ongoing.

                         DISPUTE RESOLUTION

24.     Upon motion of the Commission this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Each party shall bear its own costs, expenses and attorneys' fees incurred in connection with such compliance action, unless this Court should determine that shifting fees or costs is an appropriate sanction in such proceedings.

        EEOC Reporting Requirements Under IRC Sections 162(f) and 6050X

25.     The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is

required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

   a.  Defendant's applicable EIN is: 52-1192684.  The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is: Kristina Lamb, CMS Finance Director, 30 Old Mill Bottom Road, North, Annapolis, MD 21409.

   b.  The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

   c.  The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

   d.  Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

   e.  The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## SIGNATURES AND ENTRY

The undersigned affirm their authority to sign on behalf of their respective party and hereby consent to the entry of the foregoing Consent Decree.

**FOR PLAINTIFF**
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

/s/ Debra M. Lawrence
_____
Debra M. Lawrence
Regional Attorney

/s/ Maria L. Morocco
_____
Maria L. Morocco
Assistant Regional Attorney

/s/ Thomas D. Rethage
_____
Thomas D. Rethage
Senior Trial Attorney
U.S. EEOC
Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107-3127
Phone: (267) 589-9756
thomas.rethage@eeoc.gov

**FOR DEFENDANT CHESAPEAKE**
**MONTESSORI FOUNDATION, INC**

_____
J. Atkinson
President, Board of Trustees

**IT IS SO ORDERED:**

Signed and entered this ___19th___ day of ___December___, 2023.

/s/ Brendan A. Hurson
_____
United States District Judge

12

EXHIBIT A

| Equal Employment Opportunity Commission<br>        Plaintiff,<br><br>v.<br><br>Chesapeake Montessori Foundation, Inc. d/b/a Chesapeake Montessori School<br><br>        Defendant. | D.  Md. Civil Action No. 23-cv-02544 |
|---|---|

## SPECIFIC RELEASE OF CLAIMS

I, Michelle Washington, understand that Plaintiff Equal Employment Opportunity Commission

(the Commission) and Defendant Chesapeake Montessori Foundation, Inc. (Defendant) have

resolved the Commission's claims in the above referenced litigation through a Consent Decree

(Decree) and that I am entitled to receive payment(s) under that Decree.

In consideration for and effective upon my receipt of the payment(s) required to be paid to me by

Defendant pursuant to the Decree entered in connection with the resolution of the above matter, I

waive my right to recover for any claims of disability discrimination arising under the Americans

with Disabilities Act (as amended) that I had against Defendant arising prior to the date of this

release and that were included in the claims alleged in EEOC's Complaint in the above

referenced litigation.

_____

Signature

_____

Date

14

EXHIBIT B



# U.S. EQUAL EMPLOYMENT
# OPPORTUNITY COMMISSION

## POSTED PURSUANT TO FEDERAL COURT ORDER
## EEOC v. CHESAPEAKE MONTESSORI FOUNDATION, INC. (D. Md. 3:23-cv-02455)

This Notice is posted as part of the resolution of a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC") against Chesapeake Montessori Foundation, Inc ("Chesapeake Montessori"). The EEOC enforces federal laws prohibiting discrimination based on sex, race, color, national origin, religion, disability, age or genetic information, and retaliation for reporting or opposing such discrimination. The EEOC alleged that Chesapeake Montessori subjected an employee to disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA").

The ADA prohibits an employer from discriminating against an applicant or employee because of their disability or the disability of a person with whom they have a relationship or association. The ADA also requires an employer, absent undue hardship, to provide reasonable accommodation to applicants or employees with a disability.

To resolve this lawsuit EEOC and Chesapeake Montessori have entered into a Consent Decree which provides, among other things, that Chesapeake Montessori: (1) will not make employment decisions affecting an applicant or employee because of their disability or the disability of a person with whom they have a relationship or association; (2) will adopt a new ADA policy addressing non-discrimination and the duty to accommodate; (3) will train employees on the federal laws prohibiting ADA discrimination; and (4) will distribute to all employees a new employee manual with the new ADA policy.

If you believe you have been discriminated or retaliated against, you may file a charge of discrimination with the EEOC. For more information on filing a charge of discrimination, or locating your nearest EEOC office, visit www.eeoc.gov.

12/14/23
Date

J Atkinson / President Board of Trustees
[name/title Defendant representative]

16

**THIS OFFICIAL NOTICE MUST REMAIN POSTED FOR 5 YEARS AFTER (insert effective date)**